# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| TiVo Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>1. EchoStar Communications Corporation, a Nevada corporation; 2. EchoStar DBS Corporation, a Colorado corporation; 3. EchoStar Technologies Corporation, a Texas corporation; and 4. Echosphere Limited Liability Company, a Colorado limited liability company,<br><br>Defendants. | Civil Action No.  2-04cv01 DF |

## **PROPOSED JOINT FINAL PRE-TRIAL ORDER**

This cause will come before the Court at a pre-trial management conference to be held on October 11, 2005, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.  While the parties have agreed on many of the matters set forth herein, there were some issues as to which the parties did not reach agreement.  For those matters, TiVo's and EchoStar's positions are separately indicated below.

**A.      COUNSEL FOR THE PARTIES**

      **1.      Counsel for Plaintiff TiVo Inc. ("TiVo")**

| | |
|---|---|
| McKool Smith, P.C.<br>Sam Baxter<br>Garret Chambers<br>Post Office Box O<br>505 E. Travis, Suite 105<br>Marshall, Texas  75670<br>Telephone:  (903) 927-2111<br>Facsimile:  (903) 927-2622 | Irell & Manella LLP<br>Morgan Chu (*Pro Hac Vice*)<br>Christine W.S. Byrd (*Pro Hac Vice*)<br>Perry M. Goldberg (*Pro Hac Vice*)<br>Andrei Iancu (*Pro Hac Vice*)<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California  90067-4276<br>Telephone:  (310) 277-1010 |

1

e-mail:  sbaxter@mckoolsmith.com          Facsimile:  (310) 203-7199

2. **Counsel for Defendants EchoStar Communications Corporation, EchoStar DBS Corporation, EchoStar Technologies Corporation, and Echosphere Limited Liability Company (collectively "EchoStar")**

| | |
|---|---|
| Young Pickett & Lee | Morrison & Foerster LLP |
| Damon Young | Harold J. McElhinny (*Pro Hac Vice*) |
| John Pickett | Rachel Krevans (*Pro Hac Vice*) |
| Post Office Box 1897 | Karl J. Kramer (*Pro Hac Vice*) |
| 4122 Texas Boulevard | 425 Market Street |
| Texarkana, Texas  75504 | San Francisco, California  94105-2482 |
| Telephone:  (903) 794-1303 | Telephone:  (415) 268-7000 |
| Facsimile:  (903) 792-5928 | Facsimile:  (415) 268-7522 |
| e-mail:  dmyoung64@aol.com | |

**B.   STATEMENT OF JURISDICTION**

Jurisdiction in this case is based on 28 U.S.C. §§ 1331 and 1338(a).  Subject matter jurisdiction is not disputed.

Defendants EchoStar DBS Corporation ("EDBS") and EchoStar Communications Corporation ("ECC") dispute personal jurisdiction over them in this action.

TiVo notes that this Court has already denied motions to dismiss for lack of personal jurisdiction with respect to EDBS and ECC.  TiVo also notes that the Court denied ECC's motion to dismiss with prejudice.

**C.   NATURE OF ACTION**

In this patent case, TiVo seeks damages and an injunction for EchoStar's alleged infringement of U.S. Patent No. 6,233,389 entitled "Multimedia Time Warping System" (hereinafter "the '389 patent" or "the patent-in-suit"), and TiVo further alleges that the alleged infringement has been willful.  EchoStar seeks a declaratory judgment of non-infringement, invalidity, and unenforceability as to the '389 patent, and EchoStar further denies TiVo's willfulness allegation.

**D.   CONTENTIONS OF THE PARTIES**

1. TiVo's contentions are set forth in Exhibit A, appended hereto.

2. EchoStar's contentions are set forth in Exhibit B, appended hereto.

2

3. The parties state that their contentions at trial may change based on future events expected to occur before trial.[1]

**E. STIPULATIONS AND UNCONTESTED FACTS**

**Stipulations**

The parties have stipulated that each side will make the individuals who submitted expert reports in this case available to testify at trial, and that neither side needs to designate the deposition testimony of the other side's experts; provided however that if despite this agreement any of these experts is unavailable for trial, the party submitting a report for that expert agrees that the other party may submit a late designation of that expert's testimony.

The parties have stipulated that their deposition designations appended to this Joint Pretrial Order will include intervening objections and, in some instances, surrounding contextual testimony, for the convenience of the Court in ruling on any objections. The parties have further agreed that they will not number and exchange with this Joint Final Pretrial Order exhibits that constitute deposition designations, but instead will exchange lists of page:line deposition transcript designations for each witness that may be presented by deposition excerpts. The parties have agreed that they will exchange with the September 12, 2005 pretrial disclosures the actual, numbered deposition excerpt exhibits that each party will use at trial and that such excerpts will not include the intervening objections.

For purposes of this case, the parties agree that certain products may be treated as representative of other products and that proof of infringement or non-infringement of such representative products shall be treated as proof as to the others. Specifically, for the purposes of infringement or non-infringement, the parties may treat the DP-501 as representative of the DP-501, DP-508, and DP-510 products and proof of infringement or non-infringement about the DP-501 shall be treated as proof regarding all of the DP-501, DP-508 and DP-510 products. Also, for the purposes of infringement or non-infringement, the parties may treat the DP-522 as representative of the DP-522 and DP-625 products, and proof of infringement or non-infringement about the DP-522 shall be treated as proof regarding both the DP-522 and DP-625 products. This stipulation does not apply to any other EchoStar products.

The parties reserve the right to object to a party introducing an exhibit listed on the other party's Exhibit List. The parties agree that whether such introduction is proper should be decided on a case-by-case basis.

---

[1] These events may include (a) the outcomes of the pending motions identified in Part I below, including motions in limine, (b) the outcomes of motions for summary judgment or adjudication that have been or will be filed, and (c) deposition testimony by witnesses that has not yet occurred.

3

The parties agree that originals and copies of documents produced from their own files in this litigation shall be deemed presumptively authentic unless proven otherwise by the objecting party.

The parties have discussed but not agreed on any other stipulations. (*See* Part K, below.)

**Uncontested Facts**

1. TiVo Inc. is a publicly-traded company incorporated in Delaware and headquartered in California.

2. EchoStar Communications Corporation is a publicly-traded Nevada corporation headquartered in Colorado.

3. EchoStar DBS Corporation is a Colorado corporation headquartered in Colorado.

4. EchoStar Technologies Corporation is a Texas corporation headquartered in Colorado, and is a wholly owned subsidiary of EchoStar DBS Corporation.

5. Echosphere Limited Liability Company is a Colorado limited liability company headquartered in Colorado, and is a wholly owned subsidiary of EchoStar DBS Corporation.

6. TiVo is the owner of the patent-in-suit, United States Patent No. 6,233,389.

7. There is prior art, such as prior art cited in TiVo's '389 patent, that discloses certain digital video recording technology.

8. The patent-in-suit issued from an application filed in the United States Patent and Trademark Office on July 30, 1998.

9. The United States Patent and Trademark Office issued the patent-in-suit on May 15, 2001.

10. TiVo filed this lawsuit on January 5, 2004.

11. The named inventors of the '389 patent are James M. Barton, Roderick James McInnis, Alan S. Moskowitz, Andrew Martin Goodman, Ching Tong Chow, and Jean Swey Kao.

12. The named patent attorneys responsible for prosecuting the '389 patent are Michael A. Glenn and Kirk Wong.

13. EchoStar's satellite receivers with integrated digital video recording devices include the receivers with model numbers 721, 501, 508, 510, 921, 942, 522, and 625 (collectively, the "Accused Products").

4

C:\Documents and Settings\eae1\Local Settings\Temporary Internet Files\OLKDC\Joint Final Pre-Trial Order-TiVo revision1.DOC

14. EchoStar learned of the patent-in-suit in May 2001 from reports in the press announcing the issuance of the patent-in-suit.

**F.  CONTESTED ISSUES OF FACT AND LAW**

**TiVo's Statement Of Contested Issues As to Infringement**

1. Whether the Accused Products infringe any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent, either literally or under the doctrine of equivalents.

**EchoStar's Statement of Contested Issues As To Infringement**

1. Whether EchoStar's 501, 508, and 510 receivers literally infringe any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent.

2. Whether EchoStar's 721 receiver literally infringes any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent.

3. Whether EchoStar's 921 receiver literally infringes any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent.

4. Whether EchoStar's 522 and 625 receivers literally infringe any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent.

5. Whether EchoStar's 942 receiver literally infringes any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent.

6. Subject to EchoStar's pending summary judgment motion, whether EchoStar's 7100 receiver literally infringes any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent.

7. Subject to EchoStar's pending summary judgment motion, whether EchoStar's 7200 receiver literally infringes any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent.

8. Subject to EchoStar's pending summary judgment motion, whether EchoStar's 501, 508, and 510 receivers infringe any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent under the doctrine of equivalents.

9. Subject to EchoStar's pending summary judgment motion, whether EchoStar's 721 receiver infringes any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent under the doctrine of equivalents.

10. Subject to EchoStar's pending summary judgment motion, whether EchoStar's 921 receiver infringes any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent. under the doctrine of equivalents

11. Subject to EchoStar's pending summary judgment motion, whether EchoStar's 522 and 625 receivers infringe any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent under the doctrine of equivalents.

12. Subject to EchoStar's pending summary judgment motion, whether EchoStar's 942 receiver infringes any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent under the doctrine of equivalents .

13. Subject to EchoStar's pending summary judgment motion, whether EchoStar's 7100 receiver infringes any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent under the doctrine of equivalents.

14. Subject to EchoStar's pending summary judgment motion, whether EchoStar's 7200 receiver infringes any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent under the doctrine of equivalents.

15. Whether the Reverse Doctrine of Equivalents precludes a finding that EchoStar directly or indirectly infringes any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent, if EchoStar is found to infringe any of those claims.

**The Parties' Joint Statement As To The Remaining Contested Issues**

1. Whether EchoStar induced infringement of any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent under 35 U.S. C. § 271(b).

2. Whether EchoStar contributed to infringement of any one of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent under 35 U.S. C. § 271(c).

3. Whether this Court has personal jurisdiction over Defendants EchoStar Communications Corporation or EchoStar DBS Corporation in this action.[2]

4. Whether one or more of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent is invalid in view of the prior art as anticipated under 35 U.S.C. § 102.

5. Whether one or more of claims 1, 6, 20, 21, 23, 31, 32, 37, 51, 52 or 61 of the '389 patent is invalid in view of the prior art as being obvious under 35 U.S.C. § 103.

6. Whether one or more of claims 1, 6, 20, 21, 23, 32, 37, 51, or 52 is invalid as being indefinite under 35 U.S.C. § 112, second paragraph.

7. Whether one or more of TiVo's claims is barred, in whole or in part, by the doctrine of laches.

8. Whether one or more of TiVo's claims is barred, in whole or in part, by the doctrine of equitable estoppel.

---

[2] TiVo believes the issue already has been decided, at least with respect to EchoStar Communications Corporation.

6

9. Whether one or more of TiVo's claims is barred, in whole or in part, by the doctrine of waiver.

10. Whether the '389 patent is unenforceable due to inequitable conduct by TiVo, its attorneys, and/or the named inventors before the United States Patent and Trademark Office.

11. If EchoStar is found to infringe one or more claims of the '389 patent that are also found to be valid and enforceable, whether any of EchoStar's infringing acts was willful.

12. If EchoStar is found to infringe one or more claims of the '389 patent that are also found to be valid and enforceable, and EchoStar's infringement also is found to have been willful, whether the Court should exercise its discretion to increase damages under 35 U.S.C. § 284 and, if it does, the extent of that increase.

13. Whether this is an exceptional case under 35 U.S.C. § 285.

14. If the Court should determine that this is an exceptional case under 35 U.S.C. § 285, whether attorneys fees should be awarded to the prevailing party and, if so, in what amount.

15. Whether TiVo failed to comply with the patent marking and notice requirements of 35 U.S.C. § 287(a), including whether TiVo failed to undertake efforts to ensure marking by licensees of the '389 patent, thereby limiting its damages period.

16. If EchoStar is found to infringe one or more claims of the '389 patent that also is found to be valid and enforceable, to what damages is TiVo entitled?

17. If TiVo is awarded damages for patent infringement, whether TiVo is entitled to prejudgment interest and, if so, the proper interest rate and how interest should be calculated.

**G.    LIST OF WITNESSES**

1. TiVo's Witness List is appended hereto as Exhibit C.

2. EchoStar's Witness List is appended hereto as Exhibit D.

3. The parties state that the composition of their Witness Lists may change based on future events expected to occur before trial.  (*See* note 1, above.)

4. EchoStar's objections to TiVo's Witness List are appended hereto as Exhibit E.

5. TiVo's objections to EchoStar's Witness List are appended hereto as Exhibit F.

**H.     LIST OF EXHIBITS**

1. TiVo's Exhibit List is appended hereto as Exhibit G.

    a. TiVo has requested from EchoStar updated financial information regarding EchoStar's DVR products, and offered to provide reciprocal updated financial information regarding its own products, to the degree such information is not available in TiVo's public disclosures. EchoStar has informed TiVo that it will respond to this request next week. TiVo may add to its Exhibit List updated financial documents provided in response to this request, or, should it prove necessary, provided at the direction of the Court.

    b. TiVo may add to its Exhibit List documents related to or suggested by the deposition of Charlie Ergen, who will be appearing for deposition on September 8, 2005, pursuant to Magistrate Judge McKee's Order compelling EchoStar to make Mr. Ergen available for deposition.

    c. TiVo may add to its Exhibit List prior to trial exhibits prepared pursuant to Federal Rule of Evidence 1006 summarizing exhibits from the parties' current exhibit lists.

    d. EchoStar has made significant late disclosures of documents and witnesses. For example, EchoStar did not provide its invalidity contentions or disclose its reliance on advice of counsel until June 16, just three weeks prior to the close of fact discovery. Consequently, TiVo's investigation with respect to these late disclosures is ongoing, and may result in the discovery of additional documents. TiVo may add such documents to its Exhibit List.

    e. TiVo is in the process of obtaining copies of two books on its Exhibit List, Ex. 269 (AIPLA Report of Economic Survey) and Ex. 457 (Harmon, Patents and the Federal Circuit), and will provide these exhibits to EchoStar within a few days of this Proposed Order

    f. TiVo has not provided to EchoStar Ex. 1514 and 1515, TiVo DVR models Series1 and Series2.

2. EchoStar's Exhibit List is appended hereto as Exhibit H.[3]

    a. EchoStar submits that neither party should be able to make affirmative evidentiary use of its own experts' expert reports. Nevertheless, in the event that TiVo's expert reports are deemed admissible, EchoStar's experts' reports should likewise be deemed admissible. Thus, EchoStar has included its experts' reports on the EchoStar Exhibit List on that basis.

---

[3] EchoStar may supplement its Exhibit List as necessary in view of remaining pre-trial proceedings yet to be completed. *See* note 1, above.

8

    b. Exhibits 2144, 2145, and 2146 on the EchoStar's Exhibit List are described as certified copies of the file histories for U.S. patent No. 6,169,843, the '389 patent, and U.S. Patent Application No. 08/681,172, respectively. EchoStar does not have the certified copies as of this date and so has provided TiVo counsel with an uncertified copy of those file histories that EchoStar obtained from the United States Patent and Trademark Office. EchoStar will substitute these exhibits with certified copies and provide copies of the same to TiVo counsel when they are received from the United States Patent and Trademark Office.

    c. EchoStar may add to its Exhibit List documents that will be produced by Kirk Wong in response to an Order by Judge Jenkins dated August 17, 2005, Case No. 3:05-mc-801165-MJJ, District Court for the Northern District of California, with regard to EchoStar's Motion To Compel Kirk T. Wong To Produce Documents In Response To EchoStar's Subpoena. EchoStar will provide copies of these documents to TiVo when they are received.

    d. EchoStar expects to receive declarations as to authenticity/admissibility of documents produced by the following third parties in response to subpoenas served in this action:

        i. Digeo, Inc.;

        ii. LG Electronics USA, Inc.;

        iii. Microsoft Corp.; and

        iv. SnapStream Media, Inc.

EchoStar will add these declarations to the Exhibit List and provide copies to TiVo when EchoStar receives them. In the event that any of these third parties does not provide such a declaration, EchoStar will take the party's deposition as to authenticity/admissibility, add such transcript(s) to the Exhibit List, and provide them to TiVo. In addition, EchoStar may add documents that will be produced by Digeo, Inc. in response to an August 23, 2005 Order by Judge Donohue of the United States District Court for the Western District of Washington, Case No. C 05-1393, in response to EchoStar's motion to compel. EchoStar will provide copies of these documents to TiVo when they are received.

    e. If the Court permits TiVo to add summary exhibits as described in Section H.1.c., above, then EchoStar requests the same right.

    f. TiVo has made significant late disclosures of proposed exhibits, documents and witnesses. For example, TiVo has been ordered on several occasions just prior to and after the close of discovery to supplement its disclosures and discovery. Indeed, as the Court recently ordered, TiVo failed to provide fully

9

    its infringement contentions before the close of discovery. Consequently, EchoStar's investigation with respect to these late disclosures is ongoing, and may result in the discovery of additional documents. EchoStar may add such documents to its Exhibit List.

3. TiVo's list of deposition designations for exhibits on TiVo's Exhibit List that constitute deposition transcript excerpts is appended hereto as Exhibit I. TiVo reserves the right to designate portions of the deposition of EchoStar's CEO, Charlie Ergen, who will be appearing for deposition on September 8, 2005 pursuant to Magistrate Judge McKee's Order compelling EchoStar to make Mr. Ergen available for deposition.

4. EchoStar's list of deposition designations for exhibits on EchoStar's Exhibit List that constitute deposition transcript excerpts is appended hereto as Exhibit J.

5. EchoStar's objections and counter-designations in response to TiVo's deposition designations (Ex. K) are appended hereto as Exhibit K.

6. TiVo's counter-designations in response to EchoStar's deposition designations (Ex. L) are appended hereto as Exhibit L. TiVo intends to serve its objections to EchoStar's deposition designations on September 9 along with TiVo's objections to EchoStar's exhibit list.

## I. LIST OF ANY PENDING MOTIONS

1. [EchoStar's] Motion For Partial Summary Judgment Of Non-Infringement: (1) No Infringement By EchoStar's 7100/7200 Devices; And (2) No Infringement Under The Doctrine Of Equivalents, filed July 15, 2005.

2. EchoStar's and Non-Parties Merchant & Gould, George C. Lewis, and Tadd F. Wilson's Joint Motion for Protective Order and to Quash Subpoenas Served by TiVo Inc., United States District Court for the District of Colorado, Case No. 05-CV-01248-PSF-CBS. Telephonic status conference is set for October 3, 2005.

3. EchoStar and Non-Party Homer Knearl's Joint Motion to Quash Subpoenas Served by TiVo Inc., United States District Court, Northern District of Georgia, Atlanta Division, Case No. 1:05-mi-00190-WSD. TiVo's opposition is due on August 31, 2005. A hearing date has not been set.

4. TiVo's Motion For Leave To File Amended Complaint To Include EchoStar Satellite, LLC As A Defendant, filed August 17, 2005.

5. EchoStar's Motion For Partial Summary Judgment Re Damages Period, filed August 17, 2005.

6. [EchoStar's] Motion For Partial Summary Judgment Of Invalidity Due To Indefiniteness, filed August 18, 2005.

7. [EchoStar's] Motion For Partial Summary Judgment Of No Willful Infringement, filed August 18, 2005.

8. EchoStar's Motion In Limine No. 1 — To Preclude Reference To, Use Of, And Reliance Upon The Expert Report And Testimony Of John R. Hauser, filed August 18, 2005.

9. EchoStar's Motion In Limine No. 2 — To Exclude Reference To Or Evidence Regarding Written Opinion Of Counsel, filed August 18, 2005.

10. EchoStar's Motion In Limine No. 3 — To Preclude Any Reference To, Use Of And Reliance Upon PTO Museum Display, Or Alternatively, To Allow Discovery, filed August 18, 2005.

11. EchoStar's Motion In Limine No. 4 — To Preclude TiVo From Denying The Existence Of Non-Infringing Alternatives, filed August 18, 2005.

12. EchoStar's Motion In Limine No. 5 — To Preclude Reference To, Use Of, And Reliance On The Expert Testimony And Opinion Of Alan Gordon On Willfulness, filed August 18, 2005.

13. EchoStar's Motion In Limine No. 6 — To Preclude Reference To, Use Of, Or Reliance Upon The Preamble Of Any Asserted Claim As A Limitation, filed August 18, 2005.

14. EchoStar's Motion In Limine No. 7 — To Preclude Reference To, Use Of, And Reliance Upon Alleged Convoyed Sales Of TiVo Subscription Services, filed August 18, 2005.

15. EchoStar's Motion In Limine No. 8 — To Preclude Reference To, Use Of, And Reliance On The Expert Report And Testimony Of Keith R. Ugone On Damages, filed August 18, 2005.

16. EchoStar's Motion In Limine No. 9 — To Preclude Evidence On Doctrine Of Equivalents, filed August 18, 2005.

17. EchoStar's Motion In Limine No. 10 — To Preclude Reference To, Use Of, And Reliance Upon Other EchoStar Litigation, filed August 18, 2005.

18. EchoStar's Motion In Limine No. 11 — To Exclude Documents Not Previously Produced To EchoStar, filed August 18, 2005.

19. TiVo's Motion of Partial Summary Judgment of Infringement Claims 1 and 32 – Filed Under Seal, Contains Highly Confidential Sensitive Information, Attorneys' Eyes Only

20. TiVo Inc.'s Motion In Limine No. 1:  To Preclude Defendants From Introducing Into Evidence Or Making Arguments Regarding Agreements Wholly Between Non-Parties

21. TiVo's Motion In Limine No. 2: To Preclude Evidence/Argument In Front of the Jury Regarding EchoStar's Inequitable Conduct Defense

22. TiVo's Motion In Limine No. 3A:  EchoStar's Experts Must Be Precluded From Testifying Regarding EchoStar's Screamin' Streamer and BJS 180 At Trial

23. TiVo's Motion In Limine No. 3B:  EchoStar's Experts Must Be Precluded From Testifying Regarding The Divicom MP100 At Trial

24. TiVo's Motion In Limine No. 3C:  EchoStar's Experts Must Be Precluded From Testifying Regarding the Hewlett-Packard MPEGscope At Trial

25. TiVo's Motion In Limine No. 4:  EchoStar May Not Offer Evidence or Argument, or Make Other Suggestions, Inconsistent with the Court's Claim Construction Rulings – Filed Under Seal, Contains Confidential Information, Attorneys' Eyes Only

26. TiVo Inc.'s Motion In Limine No. 5:  To Preclude Evidence and Argument Relating to The Reverse Doctrine of Equivalents

**J.   PROBABLE LENGTH OF TRIAL**

Further to the Court's August 17, 2005 Order, the parties will separately file motions with the Court on this issue on August 26, 2005.

**K.   MANAGEMENT CONFERENCE LIMITATIONS**

A status conference is scheduled for September 1, 2005, and the parties understand the Court will establish all applicable trial limitations at that time or thereafter.

**TiVo Proposals**

1. With respect to demonstrative exhibits, TiVo suggests that any demonstratives to be used during direct examination be provided to the other side shortly before use (e.g., 20 minutes in advance).  The same rule can apply to both opening statements and closing argument.

2. TiVo requests that the Court not, as requested by EchoStar, permit a juror questionnaire, as TiVo believes that such a questionnaire will create an unnecessary burden on the Court and prospective jurors.

3. TiVo respectfully submits that the parties have already reached agreement with regard to the authenticity of documents produced from their respective files.  TiVo believes that the parties should address issues regarding the authenticity and admissibility of third party documents on a case-by-case basis, especially as TiVo

12

intends to meet and confer with EchoStar regarding the parties' objections to any such documents on the parties' respective exhibit lists. TiVo submits that the stipulation proposed by EchoStar below regarding third-party documents is unfair, overreaching, and unwieldy. For example, EchoStar's proposal contemplates taking additional depositions after the close of discovery and while the parties are preparing for, or in the midst of, trial.

**EchoStar Proposals**

1. EchoStar respectfully requests that the Court permit a juror questionnaire in the form appended hereto as Exhibit M. EchoStar submits that the appended juror questionnaire would be appropriate and helpful in this case and that using this questionnaire would reduce the burden and inconvenience to prospective jurors, the Court, and the parties that would otherwise be caused by the voir dire process. Before submitting this Joint Final Pretrial Order, EchoStar attempted to reach agreement with TiVo regarding a juror questionnaire and provided the appended juror questionnaire to TiVo. The parties did not reach an agreement on this matter.

2. EchoStar respectfully submits that in a case of this complexity it is imperative to have a reasonable pre-trial procedure for establishing the authenticity and admissibility of trial exhibits. Otherwise, the trial would be unduly extended and the jury's time would be wasted with unnecessary authenticity/admissibility testimony by a multitude of document custodians. Accordingly, EchoStar made the following authenticity/admissibility proposal to TiVo in a June 29, 2005 e-mail (which was rejected by August 4, 2005 e-mail with no counter-proposal except that TiVo agreed on August 15 that all documents produced by the parties would be deemed authentic unless proven otherwise):

    1) All documents provided as part of any production or disclosure by anyone in the litigation are deemed authentic unless proven otherwise by the objecting party.

    2) All documents originating from any company, firm or organization will be presumed to be an admissible business record unless proven otherwise by the objecting party.

    3) Nothing in this stipulation would prevent any party from otherwise arguing that any document offered into evidence is entitled to little or no weight at all.

    4) The parties agree that there will be no objection at trial to any party bringing forth testimony or evidence to establish or attack the authenticity or admissibility of a document at trial in the event that a party asserts a document is not authentic or not admissible, so long as the party against whom such testimony or evidence is offered is given the opportunity to depose for up to one hour any

13

> witness offering such testimony or evidence before such testimony or evidence is offered at trial.

EchoStar respectfully requests that the Court enter an order requiring pre-trial authentication and admissibility determinations.

3. EchoStar respectfully requests entry of an order requiring that the parties serve demonstrative exhibits by e-mail or by hand (at opposing counsel's office space in Marshall, Texas) by 6:00 p.m. the night before the trial day that the proponent wants to bring the exhibit into the courtroom. EchoStar proposed such a procedure to TiVo. TiVo rejected EchoStar's proposal, making the following counter-proposal:

> With respect to demonstrative exhibits, we suggest that any demonstratives to be used during direct examination be provided to the other side shortly before use (e.g., 20 minutes in advance). The same rule can apply to both opening statements and closing argument.

EchoStar believes that service of demonstratives 20 minutes before use would be unworkable and disruptive to the proceedings. Apparently, TiVo also is proposing to use demonstrative exhibits in cross-examination with no prior disclosure. Providing them by hand or by e-mail the night before use, however, permits the party against which a demonstrative is offered to raise any concerns about the demonstrative with the Court before the jury is seated the next morning.

4. Hearing dates for motions or pretrial conferences as desired by the Court.

## L.    CERTIFICATIONS

The undersigned counsel for each of the parties in this action does hereby certify and acknowledge the following:

1. Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;[4]

2. Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise; except that the parties have agreed to the following alterations:

    a. The parties agreed to complete fact discovery by July 6, 2005.

    b. The parties agreed to serve initial expert reports on July 11, 2005 and rebuttal reports on August 1, 2005.

    c. The parties agreed to complete expert discovery by mid-September, 2005.

---

[4] The parties understand this to be a certification as to their own respective disclosures, and not necessarily the disclosures of the other party.

14

      d.      The parties agreed to file all motions to transfer, motions to dismiss, motions for summary judgment or other dispositive motions, and *Daubert* motions by August 18, 2005.

      e.      The parties agreed that each party could depose fact witnesses for a total of 70 hours, reserving the right to seek additional time on a showing of good cause.

      f.      The parties agreed that each party could depose the other party's expert witnesses for 14 hours per expert.

3.      Each exhibit in the List of Exhibits appended hereto:

      a.      is in existence;

      b.      is numbered; and

      c.      has been disclosed and shown to opposing counsel,

except that:

the parties have not yet numbered and disclosed and shown to each other the deposition exhibits that constitute deposition designations, but rather have exchanged lists of page:line designations at this time, and

EchoStar has identified certain documents in Part H, above, that EchoStar has not yet received. EchoStar will provide them to TiVo and add them to the Exhibit List (if not already listed) upon receipt.

TiVo has identified certain documents in Part H above that it has not yet received, obtained, or identified. TiVo will provide them to EchoStar and add them to the Exhibit list (if not already listed) as they are received, obtained, or identified.

Approved as to form and substance:


| _____/s/ Perry M. Goldberg_____ | ____/s/ Rachel Krevans_____ |
| --- | --- |
| Attorneys for Plaintiff | Attorneys for Defendants |
| TIVO INC. | ECHOSTAR COMMUNICATIONS CORPORATION, ECHOSTAR DBS CORPORATION, ECHOSTAR TECHNOLOGIES CORPORATION and ECHOSPHERE LIMITED LIABILITY COMPANY |
| Morgan Chu (*Pro Hac Vice*) | |
| Perry M. Goldberg (*Pro Hac Vice*) | |
| Christine W.S. Byrd (*Pro Hac Vice*) | |
| Perry M. Goldberg (*Pro Hac Vice*) | |
| Andrei Iancu (*Pro Hac Vice*) | |
| Irell & Manella LLP | Harold J. McElhinny (*Pro Hac Vice*) |
| 1800 Avenue of the Stars, Suite 900 | Rachel Krevans (*Pro Hac Vice*) |
| Los Angeles, California  90067-4276 | Karl J. Kramer(*Pro Hac Vice*) |
| Telephone:  (310) 277-1010 | MORRISON & FOERSTER LLP |
| Facsimile:    (310) 203-7199 | 425 Market Street |
| | San Francisco, California 94105-2482 |
| Sam Baxter, | Telephone:  (415) 268-7000 |
| McKool Smith, P.C. | Facsimile:  (415) 268-7522 |
| P.O. Box O | |
| 505 E. Travis, Suite 105 | Damon Young |
| Marshall, Texas  75670 | John M. Pickett |
| Telephone:  (903) 927-2111 | YOUNG PICKETT & LEE |
| Telecopier: (903) 927-2622 | Post Office Box 1897 |
| | 4122 Texas Boulevard |
| | Texarkana, Texas 75504 |
| | Telephone:  (903) 794-1303 |
| | Facsimile:  (903) 792-5928 |

      This Joint Pre-Trial Order is hereby approved this _____ day of _____, 2005.

 

_____
United States District Judge
The Honorable David J. Folsom