IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:04-CV-1-DF |
| | § | |
| ECHOSTAR COMMUNICATIONS | § | |
| CORP., et al. | § | |
| | § | |
| Defendants. | § | |

# ORDER

Before the Court is EchoStar's Motion for Partial Summary Judgment of No Willful Infringement. Dkt. No. 190. Also before the Court is TiVo's Response, EchoStar's Reply, and TiVo's Sur-Reply. Dkt. Nos. 251, 297, 342, respectively. The parties were heard on this motion on January 31, 2006. Having considered the motion, all other relevant briefing, and the applicable law, the Court finds that EchoStar's Motion for Partial Summary Judgment of No Willful Infringement should be **DENIED.**

In a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). When determining whether to grant summary judgment, the Court is merely determining whether a factual dispute exists as opposed to weighing the evidence or engaging in credibility determinations. *Anderson,* 477 U.S. at 249-50. The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in the non-movant's favor. *Eastman Kodak Co. v. Image Tech. Services, Inc.,* 504 U.S. 451 (1992).

Willfulness is fact intensive inquiry requiring the evaluation of the "totality of the surrounding circumstances." *Ortho Pharmaceutical Corp. v. Smith,* 959 F.2d 936, 944 (Fed. Cir. 1992)(citations omitted). A willfulness determination "requires the fact-finder find, by clear and convincing evidence, that the infringer acted in disregard of the infringed patent with no reasonable basis to believe it had a right to do the acts in question." *Transmatic, Inc. v. Gulton Indus., Inc.,* 53 F.3d 1270, 1279 (Fed. Cir. 1995). *see also SRI Int'l v. Advanced Tech. Lab.,* 127 F.3d 1462, 1465 (Fed. Cir. 1997).

Whether infringement is "willful" is by definition a question of the infringer's intent. *Ortho Pharmaceutical Corp,* 959 F.2d at 944. The primary consideration is whether the infringer "acting in good faith and upon due inquiry, had sound reason to believe that it had the right to act in the manner that was found to be infringing." *SRI Int'l,* 127 F.3d at 1464-65. This evaluation then includes not only the consideration of events or conduct but also the credibility of witnesses or evidence. *See, e.g. SRI Int'l,* 127 F.3d at 1464-65 ("Since the issue of willfulness not only raises issues of reasonableness and prudence, but is often accompanied by questions of intent, belief, and credibility, appellate review requires appropriate deference to the special role of the trial court in making such determinations.").

Although the parties seem to agree on some of the events that transpired – the timeframe in which EchoStar investigated TiVo's patent, EchoStar's reliance upon an in-house investigation – the inferences to draw from these events and others is simply neither undisputed nor immaterial. EchoStar argues that it acted in good faith; TiVo argues that EchoStar acted willfully. The determination of EchoStar's intent and the reasonableness of its actions will likely come down to credibility determinations that

cannot be inferred from the record now before the Court.  Therefore, EchoStar's Motion for Partial Summary Judgment of No Willful Infringement is therefore **DENIED.**

**SIGNED this 15th day of March, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE