**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **TIVO INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **2:04-CV-1-DF** |
| | § | |
| **ECHOSTAR COMMUNICATIONS** | § | |
| **CORP., et al.** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Before the Court is EchoStar's Motion for Partial Summary Judgment re Damages Period.  Dkt. No. 182.  Also before the Court is TiVo's opposition, EchoStar's reply, and TiVo's surreply.  Dkt. Nos. 232, 258, and 300, respectively.  The parties were heard on this motion on January 31, 2006.  1/31/06 Hr. Tr. at 65-68 and 70-73.  Having considered the motion, all other relevant briefing, and the applicable law, the Court finds that EchoStar's Motion for Partial Summary Judgement re Damages Period should be **DENIED.**

### I.  THE PARTIES' ARGUMENTS

TiVo's U.S. Patent No. 6,233,389 ("'389) issued on May 15, 2001.  TiVo filed this patent infringement lawsuit against EchoStar on January 5, 2004.

EchoStar argues TiVo failed to comply with the requirements of Section 287 – (1) TiVo failed to give EchoStar actual notice of its infringement claims prior to filing this lawsuit and (2) failed to mark substantially all of its products with notice of the patent and take reasonable steps to ensure marking by its licensees.  Dkt. No. 182 at 1.  As a result, EchoStar argues that, if

1

infringement is found, the damages period for which TiVo can recover cannot begin until January 5, 2004. *Id.*

In addition to arguing that TiVo failed to provide actual notice of the '389 patent, EchoStar argues that TiVo "failed to mark a substantial number of the products it sold with notice of the patent-in-suit and has failed to undertake reasonable effort to ensure marking by licensees...." Dkt. No. 182 at 2, 6-13. EchoStar presents evidence that TiVo's products were not marked, that TiVo's licensees' products were not marked, and that TiVo's license agreements did not require marking. *Id.*

TiVo responds that EchoStar ignores "evidence regarding TiVo's successful marking efforts" including "substantial evidence of the marking of its products during the majority of the relevant period, as well as its extensive efforts to ensure that its licensees and manufacturers properly mark." Dkt. No. 232 at 1. TiVo concedes that its marking efforts were not perfect, "that it did not begin marking its product immediately upon issuance of the patent-in-suit... but began marking with the introduction of its 'Series2' stand alone product that went into production a few months [after the '389 patent issued]."Dkt. No. 232 at 2. According to TiVo, though it took some time following the issuance of the '389 patent, there is sufficient evidence from which a jury could conclude that TiVo's marking was sufficient to comply with § 287's requirements. *Id.*

Regarding its licensees, TiVo presents evidence of its various product labels at different times, evidence that these labels are sent to its licensees, and evidence that it has "a multi-stage system of checks and audits in place" to ensure that its licensees' products are properly marked. Dkt. No. 232 at 2-3. TiVo also points to provisions in its licensing agreements that it argues

require marking.  Dkt. No. 232 at 3-4.  Regarding the marking of its own products, TiVo does not argue that its Series1 product, first introduced in 1999, was marked.  TiVo argues, however, that this first-generation product was phased out in mid-to-late 2001/early 2002 and that the Series2 was introduced in 2002.  Thus, TiVo argues that its second-generation product, launched less than a year after the '389 issued, complied with the marking requirements.  Dkt. No. 232 at 4-5. TiVo also marshals evidence to this effect.  Dkt. No. 232 at 5.  Regarding the other unmarked products EchoStar discussed in its motion, TiVo argues that "almost all of these units were clearly manufactured before the issuance of the '389 patent."  Dkt. No. 232 at 6.

Lastly, TiVo argues that marking is only relevant to the damages period if it continues to assert both apparatus and method claims. TiVo cites *Hanson v. Alpine Valley Ski Area, Inc.* stating that in that case, "the Federal Circuit affirmed an award of damages despite the lack of marking where the only claims found to have been infringed were method claims, even though the asserted patent included both method and apparatus claims."  Dkt. No. 232 at 11, citing 718 F.2d 1075, 1083 (Fed. Cir. 1983).  TiVo then argues that it "should be permitted to recover pre-filing damages for the method claims, especially if [it] decides to only assert the method claims at trial.  Thus, even if the Court were inclined to enter summary adjudication as to whether there was sufficient marking, it should not enter related adjudication that any insufficient marking should impact the damages."  Dkt. No. 232 at 11-12.

In its reply, EchoStar argues that TiVo presented no evidence by which it could carry its burden of showing that EchoStar had constructive notice prior to the filing of this lawsuit. According to EchoStar, TiVo's concession that the Series1 product was never marked is fatal to its efforts to establish marking. Dkt. No. 258 at 3.  EchoStar cites *Halliburton Servs. v. Smith*

3

*Int'l Inc.,* 317 F. Supp. 2d 719, 723-24 (E.D. Tex. 2004), for the proposition that damages under § 287 do not begin to accrue "until the patentee distributes marked products and stops distributing unmarked products." Dkt. No. 258 at 3. EchoStar then cites to evidence demonstrating that TiVo continued to sell unmarked Series1 products into at least May 2002. Thus, EchoStar argues, TiVo cannot bear its burden on this issue. *Id.*

EchoStar again argues that TiVo did not take reasonable efforts to ensure marking by licensees, citing evidence that certain of TiVo's licensing agreements did not contain licensing provisions and citing evidence that a number of Series2 products were not marked. *Id.* at 3-4.

EchoStar also responds to TiVo's argument that marking is irrelevant where only method claims are asserted. According to Echostar:

> TiVo ignores the extensive case law recognizing that the marking statute applies to patents that include both method and apparatus claims regardless of what claims are asserted, and the fact that TiVo has already asserted method and apparatus claims against EchoStar.

Dkt. No. 258 at 1. EchoStar cites *Am. Med. Sys., Inc. v. Med. Eng'g Corp.,* 6 F.3d 1523 (Fed. Cir. 1993) in support of its reply.

TiVo responds, in its surreply, that there is still an issue of fact as to when its marking program became effective. Dkt. No. 300 at 1. TiVo also argues that EchoStar ignores evidence of its requirements and efforts to ensure marking by licensees. Dkt. No. 300 at 2. In any event, the substantiality of compliance with the marking statute by its licensees, TiVo argues, remains an outstanding issue of material fact. Dkt. No. 300 at 2. Lastly, TiVo "renews its request that, if the Court is inclined to grant EchoStar's Motion in whole or in part, TiVo be given the opportunity to elect whether to rely solely on the method claims of the '389 patent. *Id.* at 4.

4

## II. LEGAL STANDARD

In a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986).  An issue is "material" where it involves a fact that might affect the outcome of the suit under the governing law of the underlying cause of action. *See Burgos v. Southwestern Bell Telephone Co.,* 20 F.3d 633, 635 (5th Cir.1994) (citing *Anderson,* 477 U.S. at 248).  The nonmovant is not required to respond to a motion for summary judgment until the movant first meets its burden of demonstrating that there are no factual issues warranting trial.  *Ashe v. Corley,* 992 F.2d 540 (5th Cir.1993).  Once the movant has shown the absence of material fact issues, however, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts showing that there is a genuine issue for trial.  Fed.R.Civ.P. 56(e).

In a patent infringement case, the damages recoverable may be limited if the patentee failed to comply with the requirements of Title 35 USCS § 287.  Section 287(a) states:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement

5

occurring after such notice. Filing of an action for infringement
shall constitute such notice.

When a patentee makes or sells devices that are covered by its patent, damages cannot be
recovered for acts of infringement that occurred before the patentee gave the alleged infringer
"notice of infringement ." 35 U.S.C. § 287(a). Notice can be either actual or constructive. *See,
e.g., Maxwell v. J. Baker, Inc.,* 86 F.3d 1098, 1111-112 (Fed. Cir. 1996); *Am. Med. Sys,* 6 F.3d at
1536. Compliance with the marking statute is a question of fact and the patentee bears the
burden of proving compliance by a preponderance of evidence. *Maxwell,* 86 F.3d at 1111; *Nike
Inc. v. Wal-Mart Stores,* 138 F.3d 1437, 1443 (Fed. Cir. 1998).

When a patentee relies on constructive notice, full compliance with the statute is not
achieved until a plaintiff consistently marks substantially all of its patented products and is no
longer distributing unmarked products. *Am. Med. Sys.,* 6 F.3d at 1538. The failure to fully
comply with the marking statute immediately after a patent issues, however, does not bar
recovery of damages until the time of actual notice. *Id.* at 1537. Instead, "once marking has
begun in compliance with the statute, in rem notice is provided and there is no reason to further
limit damages on this account." *Id.* After marking has begun, however, the patentee must
demonstrate that its marking was "substantially consistent and continuous… to avail itself of the
constructive notice provisions of the statute." *Id.* (holding that plaintiff was entitled to damages
from the time that it began shipping its marked products).

Regarding marking by third parties, such as licensees, the Federal Circuit has employed a
"rule of reason" approach allowing courts to consider whether the patentee made "reasonable
efforts to ensure compliance with the marking requirements." *Maxwell,* 86 F.3d at 1111-12.
This is because "with third parties unrelated to the patentee, it is often more difficult for a

6

patentee to ensure compliance with the marking provisions." *Id.* Therefore, when third parties are involved, the number of unmarked products sold without proper marking is not conclusive of whether the patentee's marking was substantially consistent and continuous. *Id.*

## II.  DISCUSSION

The parties dispute whether TiVo can recover damages for the period between May 15, 2001 and January 5, 2004.  TiVo does not argue that it gave EchoStar actual notice prior to filing this lawsuit.  Thus, the relevant question is whether TiVo has presented sufficient evidence to demonstrate that it complied with the § 287 marking requirements so as to provide constructive notice at any time between May 15, 2001 and January 5, 2004.

TiVo fails to provide sufficient evidence that its marking was "substantially consistent and continuous" on "substantially all" of its patented products immediately after the issuance of the patent.  TiVo's own evidence demonstrates that the Series1 products were not marked and that these products continued to be sold into at least 2002.  Dkt. No. 232 at 2, 4-5, 8.  TiVo's evidence also demonstrates, however, that it began efforts to comply with the marking statute upon the introduction of its Series2 product.  Dkt. No. 232 at 5-6, 8-9.
It is unclear whether at any point "substantially all" of the TiVo products being sold were marked, as it is unclear whether TiVo's marking became "substantially consistent and continuous" during the relevant time period.  TiVo has, however, proffered sufficient evidence from which a jury could resolve these fact questions in TiVo's favor.  Therefore, summary judgment is inappropriate.

Regarding TiVo's efforts to ensure compliance by its licensees, TiVo presents evidence of a multi-layered marking procedure with its licensees.  Dkt. No. 232 at 9-10.  Although

7

EchoStar argues that TiVo's efforts were insufficient to comply with the marking requirements, under the "rule of reason" TiVo's evidence could demonstrate that it made reasonable efforts. Also, though EchoStar presents evidence that TiVo licensees produced some unmarked, non-Series1 products, TiVo presents evidence that these products were not manufactured until the end of 2003, shortly before actual notice. Dkt. No. 232 at 10. Further, TiVo argues, it is not clear that these products were sold before actual notice was given. *Id.* at 10-11. Again, the Court finds that several fact determinations need to be resolved before deciding TiVo's marking failed as a matter of law for the entire or for a specific part of the pre-filing time period.

As for TiVo's "request that, if the Court is inclined to grant EchoStar's Motion…TiVo be given the opportunity to elect whether to rely solely on the method claims of the '389 patent," the Court is disinclined to enter an advisory opinion. Dkt. 300 at 4. Throughout this lawsuit, TiVo has asserted infringement of both method and apparatus claims. Therefore, under the case law, TiVo must comply with the § 287 marking requirements to recover pre-filing damages.

### III CONCLUSION

EchoStar's Motion for Partial Summary Judgment re Damages Period is hereby **DENIED.**

**SIGNED this 23rd day of March, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE