IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | 2:04-CV-1-DF |
| | § | |
| ECHOSTAR COMMUNICATIONS | § | |
| CORP., et al. | § | |
| | § | |
| **Defendants.** | § | |

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Pursuant to Rule 58 of the Federal Rules of Civil Procedure and in accordance with the jury verdict delivered on April 13, 2006 and with the Court's contemporaneously filed orders, the Court thereby enters judgment for Plaintiff against Defendants for infringement of U.S. Patent No. 6,233,389 ("'389 patent"), claims 1, 5, 21, 23, 32, 36, 52, 31 and 61 ("the Infringed Claims") by Defendants' following DVR receivers (collectively the "Infringing Products"):  DP-501; DP-508; DP-510; DP-522; DP-625; DP-721; DP-921; and the DP-942.

**IT IS THEREFORE ORDERED THAT** Plaintiff shall have and recover from Defendants, jointly and severally, the total sum of $73,991,964.00, together with prejudgment interest at the rate of prime, said prejudgment interest in the total sum of $5,367,544.00[1], together with supplemental damages in the amount of $10,317,108.00, together with post-judgment

---

[1] The prejudgment interest and supplemental damages award herein do not cover the time period from August 1, 2006 to the date of entry of this Order. Consistent with the contemporaneously filed order addressing prejudgment interest and supplemental damages, the Court will award additional prejudgment interest and supplemental damages after receipt of additional information from Plaintiff's damages expert.

interest on the entire sum calculated pursuant to 28 U.S.C. § 1961. The amounts awarded in this judgment shall bear interest from the date of judgment at the lawful federal rate.

**IT IS FURTHER ORDERED THAT**

Each Defendant, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with them who receive actual notice hereof, are hereby restrained and enjoined, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65(d), from making, using, offering to sell or selling in the Untied States, the Infringing Products, either alone or in combination with any other product and all other products that are only colorably different therefrom in the context of the Infringed Claims, whether individually or in combination with other products or as a part of another product, and from otherwise infringing or inducing others to infringe the Infringed Claims of the '389 patent.

Defendants are hereby **FURTHER ORDERED** to, within thirty (30) days of the issuance of this order, disable the DVR functionality (i.e., disable all storage to and playback from a hard disk drive of television data) in all but 192,708 units of the Infringing Products that have been placed with an end user or subscriber. The DVR functionality, i.e., disable all storage to and playback from a hard disk drive of television data) shall not be enabled in any new placements of the Infringing Products.

Defendants shall forthwith provide written notice of this judgment, and the injunction ordered herein, to: their officers, directors, agents, servants, representatives, attorneys, employees, subsidiaries and affiliates, and those persons in active concert or participation with them, including any and all manufacturers, distributors, retailers, and service providers who have been involved in the making, using, selling, offering for sale or importing of any Infringing

Products; and to all other persons or entities involved in any way with the making, using, selling, offering for sale or importing of any Infringing Products. Defendants shall take whatever means are necessary or appropriate to ensure that this order is properly complied with.

This injunction shall run until the expiration of the '389 patent.

This Court retains jurisdiction over Defendants to enforce any and all aspects of this Judgment and Permanent Injunction.

The Court further retains jurisdiction to award Plaintiff amounts for supplemental damages, interest, costs, attorneys fees and such other or further relief as may be just and proper.

All relief not specifically granted herein in denied. All pending motions not previously ruled on are denied. This is a Final Judgment and is appealable.

**SIGNED this 17th day of August, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE