IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:04-CV-01 (DF) |
| | § | |
| ECHOSTAR COMMUNICATIONS | § | |
| CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

**O R D E R**

Before the Court is TiVo's Motion to Hold EchoStar In Contempt For Violation Of This Court's Permanent Injunction. Dkt. No. 832.

The Court will hold an additional evidentiary hearing on this matter on **February 17-18, 2009** to determine (1) whether the software downloaded to EchoStar's DP-501, DP-508, DP-510, DP-522, DP-625, DP-721, DP-921, and DP-942 is no more than colorably different from the adjudged software; and (2) whether these receivers continue to infringe claims 31 and 61 of U.S. Patent No. 6,233,389, either literally or under the doctrine of equivalents. The hearing will be held **in Texarkana** and begin each morning at **9 a.m.**. Each side will have **five (5) hours** to present its case, excluding time related to opening, closing, and transition statements.

**IT IS ORDERED** that the following discovery limitations shall apply to this matter.

1. **Disclosures**. To the extent not already disclosed, by December 9, 2008, each party shall disclose to every other party the following information:

    a. the legal theories and, in general, the factual bases of the disclosing party's claims or defenses;

    b.    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified persons' connection with the case, and a brief, fair summary of the substance fo the information known by any such person;

    c.    for any testifying expert, by the date set by the court below, each party shall disclose to the other party or parties:

        i.    the expert's name, address, and telephone number;

        ii.    the subject matter on which the expert will testify;

        iii.    if the witness is retained or specially employed to provide expert testimony in this case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

            (a)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

            (b)    the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26;

        iv.    for all other experts, the general substance of the expert's mental impression and opinions and a brief summary of the basis for them or documents reflecting such information.

2.    **Additional Disclosures**. By December 9, 2008, each party, without awaiting a discovery request, will provide, to the extent not already provided, every other party a copy of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the above stated matter.

3. **Discovery Limitations**. In addition to the disclosure listed in Paragraphs 1 and 2 above, the each side may serve 10 interrogatories, 10 requests for admission on the opposing side. In addition, each side may take 15 hours of fact witness depositions and the depositions of experts.

4. **Pre-hearing disclosure**. Each party shall provide to every other party within 7 days of the trial the following:

    a. the name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to call and those whom the party may call if the need arises;

    b. the designation of those witnesses whose testimony is expected to be present by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony;

    c. an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those that the party expect to offer and those which the party may offer if the need arises;

    d. an copy of each demonstrative that the party expects to present, separately identifying those that the party expects to present and those which the party may present if the need arises.

5. **Duty to Supplement**. After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information that a disclosure was incomplete or incorrect when made, or is no longer complete or true.

**IT IS FURTHER ORDERED** that the following deadlines shall apply to this case.

| Date | Event |
| --- | --- |
| December 24, 2008 | TiVo's Expert Disclosures Due |
| January 7, 2009 | EchoStar's Expert Disclosures Due |
| February 10, 2009 | Parties' Proposed Findings of Fact and Conclusions of Law due |

**SIGNED this 5th day of December, 2008.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE