IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:04-CV-01 (DF) |
| | § | |
| ECHOSTAR COMMUNICATIONS | § | |
| CORPORATION, et al., | § | |
| | § | |
| Defendants. | § | |

**O R D E R**

Before the Court is TiVo's Motion to Strike "Invalidity" Contentions from Dr. Rhyne's Expert Report and to Exclude Evidence and Argument Concerning "Invalidity" at the February 2009 Hearing. Dkt. No. 887. Also before the Court are EchoStar's response and TiVo's reply. Dkt. Nos. 889 & 891. For the reasons set forth below, TiVo's Motion is hereby **GRANTED**.

This Court has scheduled a hearing on February 17-18, 2009 to address TiVo's motion requesting that EchoStar be found in contempt for violation of this Court's permanent injunction. *See* Dkt. Nos. 832, 864, 869, 870, and 880. Specifically, this hearing will address "(1) whether the software downloaded to EchoStar's DP-501, DP-508, DP-510, DP-522, DP-625, DP-721, DP-921, and DP-942 is no more than colorably different from the adjudged software; and (2) whether these receivers continue to infringe claims 31 and 61 of U.S. Patent No. 6,233,389, either literally or under the doctrine of equivalents." Dkt. No. 870 at 1.

TiVo now requests that all "invalidity contentions" be stricken from the expert report of Dr. V. Thomas Rhyne, EchoStar's expert for the upcoming hearing. Dkt. No. 887. In addition, TiVo

argues that EchoStar should be precluded from introducing any evidence or argument concerning validity at the hearing.  *Id.*

The expert report of Dr. Rhyne contains 42 paragraphs under the heading "The '389 Patent is invalid under TiVo's attempted new application of the software claims."  Rhyne Report at ¶¶ 225-67 (Dkt. No. 887, Ex. B).  In those paragraphs, Dr. Rhyne opines that TiVo's expert has expanded the scope of claims 31 and 61 such that the patent is now invalid for multiple reasons, including obviousness and a lack of written description.  *Id.*

TiVo contends that any such argument is improper because the validity of the '389 Patent is the law of this case and cannot be challenged during contempt proceedings.  Dkt. No. 887 at 2-4 (citing *KSM Fastening Sys., Inc. v. H.A. Jones Co.*, 776 F.2d 1522, 1529 (Fed. Cir. 1985); *Additive Control & Measurement Sys., Inc. v. Flowdata, Inc.*, 154 F.3d 1345, 1350 (Fed. Cir. 1998)).  In addition, TiVo contends that its own expert testimony and argument properly relies on this Court's claim construction and does not depart from it.  *Id.* at 5.

In response, EchoStar contends that TiVo has created new infringement theories not argued at trial by expanding the scope of the "parsing" and "automatic flow control" limitations in claims 31 and 61.  Dkt. No. 889 at 5-7.  As a result, EchoStar argues that it is entitled to defend against these new theories as they "give rise to substantial new invalidity issues."  *Id.* at 8-11 (citing *Robert Tyer and Assoc., Inc. v. Envtl. Dynamics, Inc.*, No. 95-1270, 96-1324, 96-1541, 1997 U.S. App. LEXIS 19101 (Fed. Cir. Jul. 14, 1997) (unpublished); *Bass Pro Trademarks, L.L.C. v. Cabela's, Inc.*, 485 F.3d 1364, 1369 (Fed. Cir. 2007)).

Federal Circuit precedent is clear on this issue: "Whether there is infringement may not be challenged in contempt proceedings on the basis that the patent is invalid.  The validity of the patent

is the law of the case in such proceedings." *KSM Fastening*, 776 F.2d at 1522.  The Federal Circuit elaborated on this position in *Additive Control*, stating:

> The judgment against [the infringer], however, established for purposes of this litigation that [the patentee's] patent was valid and that the [infringer's device] infringed the patent.  In a contempt proceeding to enforce the injunction entered as a part of that judgment, the only available defenses for anyone bound by the injunction was that the [modified device] did not infringe (or that it was more than a colorable variation of the first [device], thus requiring that the issue of infringement be resolved through a separate infringement action).  Validity and infringement by the original device were not open to challenge.

*Additive Control*, 154 F.3d at 1529.  EchoStar does not distinguish the present case from these holdings.  Instead, EchoStar relies on (1) a non-precedential opinion and (2) an inapposite opinion in which the Federal Circuit reversed on a claim construction issue rather than a validity issue.

This Court is bound by the Federal Circuit's clear holdings in *KSM Fastening* and *Additive Controls*.  Therefore, all statements or arguments regarding the validity of the '389 Patent, specifically paragraphs 225-67, must be stricken from Dr. Rhyne's expert report.  In addition, the parties shall be precluded from presenting evidence or argument concerning the validity of the '389 Patent at the upcoming hearing.

**IT IS SO ORDERED**.

**SIGNED this 4th day of February, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE