IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:04-CV-01 (DF) |
| | § | |
| DISH NETWORK CORPORATION, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

**O R D E R**

Before the Court are EchoStar's Motion to Strike or Exclude Hearing Testimony of Dr. Storer on Subjects Not Disclosed in His Expert Report, TiVo's response, and EchoStar's reply. Dkt. Nos. 925, 926, and 927. Having considered the arguments of counsel, all relevant papers and pleadings, the Court finds that EchoStar's Motion to Strike should be **DENIED**.

This Court held a hearing on February 17-19, 2009 to address TiVo's request that EchoStar be found in contempt for violation of this Court's permanent injunction. *See* Dkt. Nos. 832, 870, and 907. At that hearing, TiVo's expert and sole witness, Dr. James Storer, testified at length that the "automatic flow control" limitation of claims 31 and 61 was satisfied by a circular/ring buffer structure in EchoStar's receivers. Dkt. No. 910 at 86:3-122:25. EchoStar objected to this line of testimony because it was allegedly outside the scope of Dr. Storer's expert report. *Id.* at 101:4-105:1. This Court carried EchoStar's objection and invited EchoStar to renew its objection by motion after the close of testimony, which EchoStar now does. *Id.* at 105:2-105:20; Dkt. No. 913 at 53:22-54:1.

This Court finds that EchoStar's objection is without merit. Not only did Dr. Storer's specifically reference EchoStar's buffer source code in the section of his report dealing with "automatic flow control," but EchoStar had ample opportunity to depose him on this subject. *See* Dkt. No. 926-4 at ¶ 149; Dkt. No. 926 Ex. B (Storer Depo.). Indeed, as TiVo notes, the term "circular," "circle," or "ring" appears no less than 93 times during Dr. Storer's deposition, many times in direct connection to the disputed flow control limitation. Dkt. No. 926 at 5. In particular, the Court notes these exchanges:

> Q. What is your understanding of how the 525/625 products detect an overflow condition?
>
> . . .
>
> A. When you look at the code you see, in fact, you have, as we described already, *a circular arrangement of ten equal size buffers*, each of them approximately 140 K in size. And the code detects when, in fact, this circular arrangement has done a wraparound and you have an overflow . . . .
>
> . . .
>
> Q. The transfer of block video data that's being referred to here, is it from the physical data source to the buffers, or is it from the buffers to the hard drive?
>
> . . .
>
> A. Well, there's an automatic flow control of this whole pipeline obviously, but I think what I was referring specifically to here is the process of preparing and writing.

Storer Depo. 169:25-171:2 (emphasis added); 195:8-195:17.

Having reviewed Dr. Storer's expert report and deposition transcript, this Court is hard-pressed to believe that EchoStar was surprised by Dr. Storer's testimony at the February hearing. Dr. Storer's deposition transcript all but entirely previews his testimony before this Court. As a result, this Court finds that there is no prejudice to EchoStar in allowing Dr. Storer's testimony regarding circular buffers and automatic flow control.

Accordingly, EchoStar's Motion to Strike or Exclude Hearing Testimony of Dr. Storer on Subjects Not Disclosed in His Expert Report (Dkt. No. 925) is hereby **DENIED**.

**SIGNED this 2nd day of June, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE