IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TIVO INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 2:04-CV-01 (DF) |
| | § | |
| DISH NETWORK CORPORATION, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## AMENDED FINAL JUDGMENT AND PERMANENT INJUNCTION

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, and in accordance with the jury verdict delivered on April 13, 2006 and the Federal Circuit mandate issued April 18, 2008, and with the Court's contemporaneously filed opinions and orders, the Court hereby enters judgment for Plaintiff against Defendants for willful infringement of U.S. Patent No. 6,233,389 ("the '389 Patent") claims 31 and 61 ("the Infringed Claims") by Defendants' following DVR receivers (collectively the "Infringing Products"): DP-501, DP-508, DP-510, DP-522, DP-625, DP-721, DP-921, and DP-942. The jury in this case found EchoStar's infringement to be willful, but the Court, finding that Echostar did not act in bad faith and that this is not an "exceptional case," has determined that there should be no enhancement of damages and no award of attorneys fees pursuant to 35 U.S.C. Sections 284 and 285. The Court also enters judgment for Plaintiff on Defendants' counterclaims for declaratory judgment of non-infringement, invalidity, and unenforceability.

**IT IS THEREFORE ORDERED THAT** Plaintiff shall have and recover from Defendants, jointly and severally, the total sum of $73,991,964.00, together with prejudgment interest at the rate

of prime, said prejudgment interest in the total sum of $5,367,544.00, together with supplemental damages in the amount of $10,317,108.00, together with post-judgment interest on the entire sum calculated pursuant to 28 U.S.C. § 1961.  In addition, Plaintiff shall have and recover from Defendants, jointly and severally, the sum of $103,068,836 in damages accrued during the stay of this Court's injunction, together with post-judgment interest on that sum calculated pursuant to 28 U.S.C. § 1961. The amounts awarded in this judgment shall bear interest from the date of judgment at the lawful federal rate.

It is **FURTHER ORDERED** that each Defendant, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice hereof, are hereby restrained and enjoined, pursuant to 35 U.S.C. § 283 and Fed. R. Civ. P. 65(d), from making, using, offering to sell, selling, or importing in the Untied States, the Infringing Products, either alone or in combination with any other product and all other products that are only colorably different therefrom in the context of the Infringed Claims, whether individually or in combination with other products or as a part of another product, and from otherwise infringing or inducing others to infringe the Infringed Claims of the '389 Patent.

Defendants are hereby **FURTHER ORDERED** to, within thirty (30) days of the issuance of this order, disable the DVR functionality (i.e., disable all storage to and playback from a hard disk drive of television data) in all but 192,708 units of the Infringing Products that have been placed with an end-user or subscriber.  The DVR functionality, storage to and playback from a hard disk drive, shall not be enabled in any new placements of the Infringing Products.

Defendants shall forthwith provide written notice of this judgment, and the injunction ordered herein, to their officers, directors, agents, servants, representatives, attorneys, employees,

subsidiaries and affiliates, and those persons in active concert or participation with them, including any and all manufacturers, distributors, retailers, and service providers who have been involved in the making, using, selling, offering for sale or importing of any Infringing Products, and to all other persons or entities involved in any way with the making, using, selling, offering for sale or importing of any Infringing Products. Defendants shall take whatever means are necessary or appropriate to ensure that this order is properly complied with. This injunction shall run until the expiration of the '389 Patent.

It is **FURTHER ORDERED** that Defendants shall inform this Court of any further attempt to design around the '389 Patent and shall seek approval from this Court before any such design-around is implemented.

This Court retains jurisdiction over Defendants to enforce any and all aspects of this Judgment and Permanent Injunction, including the award of monetary sanctions for EchoStar's contempt of this Court's injunction.

The Court further retains jurisdiction to award Plaintiff amounts for supplemental damages, interest, costs, attorneys fees and such other or further relief as may be just and proper.

All relief not specifically granted herein is denied. All pending motions not previously ruled on are denied. This is a Final Judgment and is appealable.

SIGNED this 2nd day of June, 2009.

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE