**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

October 29, 2009

Writer's Direct Contact
415.268.7178
RKrevans@mofo.com

By Electronic Filing

The Honorable David Folsom
United States District Court
  for the Eastern District of Texas
Federal Building
500 North Stateline, 3rd Floor
Texarkana, TX 75501

Re:   *TiVo, Inc. v. EchoStar, et al.* Case No. 2-04CV-01

Your Honor:

EchoStar hereby responds to TiVo's letter to the Court, dated October 27, 2009. TiVo's letter requests — for the third time — that the Court revisit the issue of the supplemental damages previously awarded for five months in 2006. As set forth here and in EchoStar's prior responses on this issue (DKT 854 at 12; DKT 955 at 2-4; DKT 968), the Court should not permit TiVo to revise the methodology its expert used in May 2006 to calculate supplemental damages for the period between the jury verdict and the judgment entered September 8, 2006.

TiVo again ignores the effect of the intervening final judgments denying "[a]ll relief not specifically granted" (DKT 806, 932), which bar reconsideration of pre-judgment supplemental damages. (DKT 955 at 2-4.) TiVo also ignores that the Federal Circuit remanded for calculation of damages during the stay of the injunction, not for re-calculation of pre-judgment damages. *TiVo, Inc. v. EchoStar Commc'ns Corp.*, 516 F.3d 1290, 1312 (Fed. Cir. 2008).

TiVo attempts to justify its belated, third request by asserting — erroneously — that EchoStar withheld information regarding pre-judgment DVR placements. But EchoStar did not withhold information from TiVo or the Court. TiVo did not request any information from EchoStar in connection with its motion for supplemental damages in May 2006 (DKT 732) or thereafter. Instead, TiVo and its damages expert (Dr. Ugone) chose to calculate supplemental damages based on the most recent data in evidence regarding DVR placements and a projection forward of that data. Dr. Ugone stated that he "took the latest figures provided by EchoStar during discovery in the case . . . and held that number constant to

dn-155859

MORRISON | FOERSTER

The Honorable David Folsom
October 29, 2009
Page Two


estimate EchoStar's newly-placed infringing units for subsequent months." (DKT 732 (Decl.) ¶ 10.) Dr. Ugone presumably did so not only for ease of calculation, but because in May 2006, when TiVo filed its motion, sales data would not yet have been available for that month, let alone "subsequent months." TiVo may now regret that it and Dr. Ugone chose to "estimate" damages for projected new placements based on "the latest figures," and that the Court awarded pre-judgment supplemental damages on that basis. But TiVo cannot blame EchoStar for its chosen methodology, particularly where TiVo did not request updated information from EchoStar, or in any way suggest that it would not be satisfied with an award of supplemental damages based on the estimates its expert chose to use in his calculations.

Accordingly, EchoStar respectfully suggests that, without further briefing, the Court should decline TiVo's request to revisit the issue of pre-judgment supplemental damages.

Sincerely,

s/Rachel Krevans

cc:  Counsel of Record
     (Via Electronic Filing)

dn-155859

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 29, 2009, all counsel of record who are deemed to have consented to electronic service are being served with a copy of the letter dated October 29, 2009 to The Honorable David Folsom from Rachel Krevans via the Court's CM/ECF system per Local Rule CV-5(a)(3).

 */s/ Rachel Krevans*
Rachel Krevans

dn-155859